1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GEORGE I. JOHNSON,

11          Plaintiff,                 No. CIV S-07-1826 MCE KJM P

12     vs.

13   D.K. SISTO, et al.,               ORDER AND

14          Defendants.                FINDINGS AND RECOMMENDATIONS

15   _____/

16          Plaintiff is a state prison inmate proceeding pro se with a civil rights action under

17   42 U.S.C. § 1983, alleging that defendants Cruz, Hunter, Brown and Sisto denied him his

18   religious diet; that defendant Boyden asked him to remove his religious headwear in the library

19   and defendants Singh and Sisto upheld Boyden's action, even though defendant Sisto gave

20   plaintiff permission to wear the religious headwear during religious services.

21          Defendants and plaintiff have filed motions to compel discovery; defendants have

22   filed a motion to reset the dates established in the scheduling order and for additional time to

23   conduct discovery; and plaintiff has filed a motion for injunctive relief.

24   /////

25   /////

26   /////

1

I. Plaintiff's Motion To Compel

Plaintiff seeks an order directing defendants to produce the following documents for inspection and copying: his central file, his medical records from July 6, 2006 through the present, and his CDCR Religious Dietary Form 3030-B.  Defendants responded to these requests by noting that plaintiff's files are available for inspection in accordance with institutional guidelines.  Docket No. 24, Ex. at 4.[1]  Defendants did provide the CDCR 3030-B.  Plaintiff has attached copies of requests for interviews, in which he seeks access to his central and medical files.  Docket No. 24, Ex. at 7-8.

Defendants have opposed the motion on a number of procedural grounds.  They have also provided declarations from counsel and from the litigation coordinator at CSP-Solano, showing that plaintiff has reviewed his central file and has been informed of the proper procedure for reviewing his medical file.  Counsel also noted that the CDCR 3030B has been provided to plaintiff.  Docket No. 29-2 ¶¶ 5, 6, Docket No. 29-3 ¶¶ 10-11.

Although this case has been exempted from the meet and confer requirement of Rule 37(a)(1) of the Federal Rules of Civil Procedure, see Docket No. 15 ¶ 5; Local Rule 37-251, there has been no exemption from timely filing.  Motions to compel were due no later than July 25, 2008; plaintiff's motion, filed August 15, 2008, was given to authorities for mailing on August 13, 2008.  It is not timely.

II. Defendants' Motion To Compel

Defendants seek an order compelling plaintiff to respond to their interrogatories and requests for production of documents and admissions.  Instead of an opposition, plaintiff filed his responses to the requests.  In response to the request for production of documents, plaintiff noted that he provided the requested documents at his deposition; he has admitted or denied all the requests for admissions; and he has answered all the interrogatories but one.

---

[1]  The court refers to the page numbers assigned by the CM/ECF system.

1   Defendants have not suggested they are prejudiced by plaintiff's late compliance with their

2   requests.  They are entitled, however, to an answer to interrogatory five.

3   III.  <u>Plaintiff's Request For Injunctive Relief</u>

4           Plaintiff seeks a temporary restraining order and preliminary injunction on several

5   grounds.  First, he alleges that Officers Harris, Raubacala and Cribbs denied him substitutions for

6   menu items forbidden by his religion and that defendant Boyden interfered with plaintiff's access

7   to the law library.  Second, he asks that the court order "the defendants" from delaying his legal

8   mail.  Third, he seeks an order directing the defendants to allow him to wear his religious

9   headwear in the public areas of the prison.  Finally, he claims that Officer Cuevas read his legal

10  materials after they were confiscated while plaintiff was in administrative segregation.

11          Many of the actions plaintiff seeks to restrain were undertaken by individuals who

12  are not named as defendants in this action.  This court is unable to issue an order against

13  individuals who are not parties to a suit pending before it.  <u>See</u> <u>Zenith Radio Corp. v. Hazeltine</u>

14  <u>Research, Inc.</u>, 395 U.S. 100, 112 (1969).  Accordingly, his request for injunctive relief against

15  Harris, Raubacala, Cribbs and Cuevas is not cognizable.

16          Plaintiff has named Boyden, who is a defendant in this action, whom he seeks to

17  restrain from interfering with his law library access.  He has also claimed that "the defendants"

18  have interfered with his legal mail.  However, "a party moving for a preliminary injunction must

19  necessarily establish a relationship between the injury claimed in the party's motion and the

20  conduct asserted in the complaint."  <u>Devose v. Herrington</u>, 42 F.3d 470 (8th Cir. 1994) (citations

21  omitted); <u>see also</u> <u>Omega World Travel v. Trans World Airways</u>, 111 F.3d 14, 16 (4th Cir.

22  1997); <u>Lebron v. Armstrong</u>, 289 F.Supp.2d 56, 61 (D. Conn. 2003).  If this showing of

23  relationship is not made, the court should not consider the factors for the issuance of preliminary

24  relief.  <u>In re Microsoft Antitrust Litigation</u>, 333 F.3d 517, 526 (4th Cir. 2003).  Because there is

25  no relationship between the allegations in the complaint and the relief sought against defendant

26  /////

1  Boyden in particular and the defendants in general concerning his legal mail, plaintiff has not

2  shown he is entitled to injunctive relief.

3         Plaintiff alleges generally that "the defendants" have prevented him from wearing

4  his religious headwear in the library, chow hall and other areas of the prison.

5         The legal principles applicable to a request for injunctive relief are well

6  established.  To prevail, the moving party must show either a likelihood of success on the merits

7  and the possibility of irreparable injury, or that serious questions are raised and the balance of

8  hardships tips sharply in the movant's favor.  See Coalition for Economic Equity v. Wilson, 122

9  F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374,

10  1376 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal

11  point being the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at 1376.  "Under

12  any formulation of the test, plaintiff must demonstrate that there exists a significant threat of

13  irreparable injury."  Id.  In the absence of a significant showing of possible irreparable harm, the

14  court need not reach the issue of likelihood of success on the merits.  Id.

15         In cases brought by prisoners involving conditions of confinement, any

16  preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the

17  harm the court finds requires preliminary relief, and be the least intrusive means necessary to

18  correct the harm."  18 U.S.C. § 3626(a)(2).

19  /////

20  /////

21  /////

22  /////

23  /////

24  /////

25  /////

26  /////

1   In order to state a claim for violation of the First Amendment right to the free

2   exercise of religion, an inmate must allege facts that demonstrate the prison officials' conduct

3   substantially burdened the exercise of his or her religion.

4         To merit protection under the free exercise clause of the First
      Amendment, a religious claim must satisfy two criteria.  First, the

5         claimant's proffered belief must be sincerely held; the First
      Amendment does not extend to 'so-called religions which ... are

6         obviously shams and absurdities and whose members are patently
      devoid of religious sincerity. Second, the claim must be rooted in

7         religious belief, not in 'purely secular' philosophical concerns.
      Determining whether a claim is rooted in religious belief requires

8         analyzing whether the plaintiff's claim is related to his sincerely
      held religious belief.

9

10   Malik v. Brown, 16 F.3d 330, 333 (9th Cir. 1994)[2]; see also Shakur v. Schriro, 514 F.3d 878,

11   884-85 (9th Cir. 2008).

12   Section 3 of RLUIPA provides that "[n]o government shall impose a substantial

13   burden on the religious exercise of a person residing in or confined to an institution ... even if the

14   burden results from a rule of general applicability," unless the government demonstrates that the

15   burden is "in furtherance of a compelling governmental interest" and is "the least restrictive

16   means of furthering that ... interest").  Once "a plaintiff produces prima facie evidence to support

17   a claim alleging a violation" of RLUIPA, "the government shall bear the burden of persuasion on

18   any element of the claim, except that the plaintiff shall bear the burden of persuasion on whether

19   [the challenged practice or law] substantially burdens the plaintiff's exercise of religion."

20   42 U.S.C. § 2000cc-2(b).  RLUIPA defines "religious exercise" to include "any exercise of

21   religion, whether or not compelled by, or central to, a system of religious belief."  42 U.S.C. §

22   2000cc-5(7)(A).  See Warsoldier v. Woodford, 418 F.3d 989, 994 (9th Cir. 2005).

23   To demonstrate a likelihood of success on the merits on his First Amendment and

24   RLUIPA claims, plaintiff must demonstrate that the restriction on the time and place he may

25

26       [2]  The court relies on Malik for its First Amendment analysis only.

wear his headwear substantially burdens the exercise of his religion.  Plaintiff has not explained

the connection between the headwear and his religious practice nor suggested how these

restrictions burden that practice or belief.  He has not borne his burden of showing that he is

likely to succeed on the merits below.  See also Benjamin v. Coughlin, 905 F.2d 571 (2d Cir.

1990) (restrictions on the wearing of Rastafarian crowns upheld); Standing Deer v. Carlson, 831

F.2d 1525, 1529 (9th Cir. 1987) (restrictions on Native American headbands upheld).

IT IS THEREFORE ORDERED that:

1.  Plaintiff's motion to compel (docket no. 24) is denied;

2.  Defendants' motion to compel is granted only insofar as it seeks to compel an

answer to interrogatory five, but denied in all other respects; plaintiff shall provide an answer to

that interrogatory within fifteen days of the date of this order;

3.  Plaintiff's motion for a temporary restraining order (docket no. 25) is denied;

4.  Defendants' requests for additional time to respond to plaintiff's discovery

requests (docket nos. 17 & 18) are granted nunc pro tunc and the discovery provided is deemed

timely; and

5.  Defendants' motion for a new schedule for filing dispositive motions (docket

no. 28) is granted; the dates for filing dispositive motions and pretrial statements and the dates

for the pretrial conference and trial are vacated; dispositive motions are due no later than

December 15, 2008.

IT IS HEREBY RECOMMENDED that plaintiff's motion for a preliminary

injunction (docket no. 25) be denied.

These findings and recommendations are submitted to the United States District

Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

days after being served with these findings and recommendations, either party may file written

objections with the court.  The document should be captioned "Objections to Magistrate Judge's

/////

1   Findings and Recommendations."  Any reply to the objections shall be served and filed within

2   ten days after service of the objections.  The parties are advised that failure to file objections

3   within the specified time may waive the right to appeal the District Court's order.  Martinez v.

4   Ylst, 951 F.2d 1153 (9th Cir. 1991).

5   DATED:  October 20, 2008.

6

7   _____

    U.S. MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   2